IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devin T. Mincey, | C/A No.: 5:24-5616-JDA-KDW |
|           Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| Alvin S. Glenn Detention Center; Director Harvey; Cpt. Higgins; Cpt. Sligh; Lt. McCoullogh; Lt Walker; and Lt Williams, | |
|           Defendants. | |

Devin T. Mincey ("Plaintiff"), proceeding pro se, is a pre-trial detainee who filed this action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 against the named Defendants. On July 18, 2025, Defendants filed a Motion for Summary Judgment. ECF No. 51. Within their Motion, one of Defendants' arguments is that Plaintiff's claims are barred by the applicable statute of limitations. ECF No. 51 at 4-5.

Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of such motions and of the need for him to file an adequate response. ECF No. 52. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' Motion may be granted, thereby ending this case against Defendants. *See id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff failed to respond to the Motion. The deadline to respond was August 21, 2025.

On September 4, 2025, the court issued an order directing Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion by October 6, 2025. ECF No. 55. However, Plaintiff did not file a response to the Motion. Defendants' Motion

has now been pending for approximately 5 months with no response. The last filing this court received from Plaintiff was a letter he filed on February 3, 2025. ECF No. 34.

As such, it appears to the court that Plaintiff does not oppose Defendants' Motion and wishes to abandon his action. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action against Defendants be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO RECOMMENDED.**

October 16, 2025  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).