IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Devin T. Mincey, | ) | No. 5:24-cv-05616-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Alvin S Glenn Detention Center, | ) | |
| Director Harvey, Cpt Higgins, | ) | |
| Cpt Sligh, Lt McCoullogh, Lt Walker, | ) | |
| Lt Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"). [Doc. 57.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling.

On July 18, 2025, Defendants filed a motion for summary judgment. [Doc. 51.] On July 21, 2025, the Magistrate Judge entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of pertinent summary judgment procedures. [Doc. 52.] On September 4, 2025, the Magistrate Judge entered an Order directing Plaintiff to notify the Court whether he wished to continue his case against Defendants and advising him that failure to respond would result in dismissal with prejudice for failure to prosecute. [Doc. 55.] On October 16, 2025, the Magistrate Judge issued a Report recommending that the case be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 57.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the

Report and the serious consequences if they failed to do so. [*Id.* at 3.] The parties did not file objections to the Report, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference, except it modifies the Report to dismiss the case *without* prejudice.[2] Accordingly, this case is

---

[1] On October 20, 2025, the Clerk docketed a letter from Plaintiff dated October 8, 2025, and postmarked October 16, 2025. [Doc. 59.] Because the Magistrate Judge's Report was also filed and mailed on October 16, 2025, the Court assumes the letter does not respond to the Report.

[2] Given Plaintiff's letter dated October 8, 2025, and postmarked October 16, 2025, [Doc. 59], the Court finds dismissal without prejudice a more appropriate sanction.

2

DISMISSED without prejudice pursuant to Rule 41(b), and Defendants' motion for summary judgment [Doc. 51] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

November 13, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.